Dear Ms. Atwood:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. May Oklahoma's district attorneys lawfully pay annual membership dues to the Oklahoma Bar Association ("OBA") for assistant district attorneys when a license to practice law in Oklahoma is a requirement for the position?
 2. May the Oklahoma District Attorneys Council lawfully pay annual membership dues to the OBA for its attorneys on staff when a license to practice law in Oklahoma is a requirement for the position?
 OKLAHOMA'S STATUTES ALLOW OKLAHOMA'S DISTRICTATTORNEYS TO PAY ANNUAL BAR DUES OF ASSISTANT DISTRICT ATTORNEYS
"Each assistant district attorney shall . . . have a license to practice law in the courts of record of this state at the time of appointment." 19 O.S. Supp. 2005, § 215.34[19-215.34](C). In order to practice law in Oklahoma a person must be an active member of the OBA. 5 O.S. 2001, ch. 1, app. 1, art. II, § 7(a). Active members of the OBA must pay annual bar dues on or before January 2 of each year. 5 O.S. Supp. 2005, ch. 1, app. 1, art. VIII, § 1.
The Oklahoma statutes do not specifically authorize the payment of an assistant district attorney's annual bar dues. Title 19 O.S. Supp. 2005, § 215.35C[19-215.35C] addresses compensation of district attorney personnel, which includes assistant district attorneys, in pertinent part stating:
 Notwithstanding any other provision of law, the compensation of all district attorney personnel shall be determined by the district attorney of each district. On affixing the compensation, the district attorney shall base the compensation upon the responsibilities assigned to the position and the qualifications, training, experience, length of employment of each employee and budgetary consideration.
Id. (emphasis added).
Neither Section 215.35C nor related district attorney statutes define "compensation." However, "compensation" is defined in other sections of the Oklahoma Statutes. Compensation has been defined by the Legislature as, "money, service, facility orthing of value or financial benefit which is received or is to be received in return for or in connection with services rendered or to be rendered[.]" 51 O.S. 2001, § 304[51-304](7) (emphasis added). Whenever a word "is defined in any statute, such definition is applicable to the same word . . . wherever it occurs, except where a contrary intention plainly appears." 25 O.S. 2001, § 2[25-2]. There is no indication the Legislature did not intend the term "compensation" in Section 215.35C to have the same meaning as it is defined in 51 O.S. 2001, § 304[51-304](7). In using the term "compensation" in Section 215.35C, the Legislature therefore intended district attorneys to determine the "financial benefits" to be received by district attorney personnel in connection with their employment.
Payment of annual bar dues on behalf of an assistant district attorney constitutes a "financial benefit" to the assistant district attorney. Consequently, because 19 O.S. Supp. 2005, § 215.35C[19-215.35C] authorizes district attorneys to determine the compensation or financial benefits of their assistant district attorneys and payment of an assistant district attorney's bar dues constitutes a financial benefit, district attorneys are authorized to pay the annual bar dues of their assistant district attorneys. Payment of such compensation constitutes a public purpose under Okla. Const. art. X, § 14(A). See Oklahoma CityNews Broadcasters Ass'n v. Nigh, 683 P.2d 72, 75-76 (Okla. 1984).
Payment of annual bar dues on behalf of district attorneys is not authorized because their compensation is fixed by statute and cannot exceed the fixed amount.[1]
 OKLAHOMA'S STATUTES ALLOW PAYMENT OF THE ANNUAL BAR DUES OF THE ATTORNEYS ON STAFF WITH THE DISTRICT ATTORNEYS COUNCIL
The chief executive officer of the District Attorneys Council is the Executive Coordinator who must be licensed to practice law in Oklahoma. 19 O.S. 2001, § 215.28[19-215.28](B). The Executive Coordinator may appoint an Assistant Coordinator who must also be licensed to practice law in Oklahoma. Id. Both the Executive Coordinator and the Assistant Coordinator "shall receive compensation for their services within the pay scale limits for district attorneys." Id. (emphasis added).
In discussing the term "compensation," with regard to your first question, we concluded a statute allowing a district attorney to determine "compensation" for assistants allowed a district attorney to include in such compensation the payment of annual bar dues for such assistants. Similarly, Section 215.28(B)'s mandate that the Executive and Assistant Coordinators "shall receive compensation" allows the District Attorneys Council to include in such compensation the payment of the coordinators' annual bar dues, so long as their compensation does not exceed "the pay scale limits for district attorneys." Id.
In addition to the employment of the Executive and Assistant Coordinators, the District Attorneys Council is authorized to "employ personnel as the Council in its judgment finds necessary to effectively carry out [its duties]," thereby authorizing the District Attorneys Council to employ other attorneys on staff. 19 O.S. 2001, § 215.28[19-215.28](H)(3). However, the statutes do not expressly authorize the District Attorneys Council to set the "compensation" of such personnel.
The cardinal rule of statutory construction is to ascertain the legislative intent by "considering the whole act in light of the general purpose and objective [of the statute], not just the individual provisions separately." Cmty. Bankers Ass'n v. Okla.State Banking Bd., 979 P.2d 751, 756 (Okla. 1999). In construing 19 O.S. 2001, § 215.28[19-215.28] as a whole, we believe the Legislature intended to authorize the District Attorneys Council to set the "compensation" of all of its employees. Subsection B of Section 215.28 provides for the employment of and "compensation" to be received by the Executive and Assistant Coordinators, while subsection H(3) of Section 215.28 allows the District Attorneys Council to employ other necessary personnel. Construing Section 215.28 as a whole, we believe the Legislature intended to authorize the District Attorneys Council to determine the "compensation" of these additional employees which the District Attorneys Council deems necessary to fulfill its duties. To the extent any of their employees is a licensed attorney, the District Attorneys Council is authorized to include in such attorney's "compensation" the payment of the employee's annual bar dues, so long as their compensation does not exceed "the pay scale limits for district attorneys." 19 O.S. 2001, § 215.28[19-215.28](B). Payment of annual bar dues as part of the compensation of the attorneys employed by the District Attorneys Council in addition to the Executive and Assistant Coordinators constitutes a public purpose under Okla. Const. art. X, § 14. See Okla. City NewsBroadcasters Ass'n, 683 P.2d at 75-76.
It is, therefore, the official Opinion of the Attorney Generalthat:
 1. District attorneys are authorized to pay the annual bar dues of their assistant district attorneys. Title 19 O.S. Supp. 2005, § 215.35C[19-215.35C] authorizes district attorneys to determine the compensation or financial benefits of their assistant district attorneys and payment of an assistant district attorney's bar dues constitutes a financial benefit. Payment of such compensation constitutes a public purpose under OKLA. CONST. art. X, § 14. See Okla. City News Broadcasters Ass'n v. Nigh, 683 P.2d 72, 75-76 (Okla. 1984).
 2. Payment of annual bar dues on behalf of district attorneys is not authorized because their compensation is fixed by statute and cannot exceed the fixed amount. 19 O.S. Supp. 2005, § 215.30[19-215.30](A); see 20 O.S. Supp. 2005, § 92.1A[20-92.1A](1).
 3. The District Attorneys Council is authorized to determine the compensation of its Executive Coordinator and Assistant Coordinator within the pay scale limits for district attorneys. 19 O.S. 2001, § 215.28[19-215.28](B). To the extent each coordinator's compensation does not exceed a district attorney's salary, the District Attorneys Council is authorized to pay the annual bar dues of its Executive Coordinator and Assistant Coordinator. Id. Payment of such compensation constitutes a public purpose under Okla. Const. art. X, § 14. See Okla. City News Broadcasters Ass'n v. Nigh, 683 P.2d 72, 75-76 (Okla. 1984).
 4. The District Attorneys Council is authorized to pay the annual bar dues of such other attorneys it employs, so long as such attorneys' compensation does not exceed a district attorney's salary. Title 19 O.S. 2001, § 215.28[19-215.28](H) authorizes the District Attorneys Council to determine the compensation, or financial benefits, of other employees it deems necessary, including licensed attorneys in addition to the Executive and Assistant Coordinators. Payment of such compensation constitutes a public purpose under OKLA. CONST. art. X, § 14. See Okla. City News Broadcasters Ass'n v. Nigh, 683 P.2d 72, 75-76 (Okla. 1984).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JANIS W. PRESLAR ASSISTANT ATTORNEY GENERAL
[1] District Attorneys receive a salary equal to 98% of a district judge's salary. 19 O.S. Supp. 2005, § 215.30[19-215.30](A). A district judge receives a salary of $102,529.00. 20 O.S. Supp. 2005, § 92.1A[20-92.1A](1). Consequently, a district attorney's salary is fixed at $100,478.42, which is 98% of a district judge's salary.